IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-85-112 OWW |
| | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| | ) | SECOND "FORMAL FREEDOM OF |
| Plaintiff/ | ) | INFORMATION REQUEST |
| Respondent, | ) | CONCERNING CUSIP BOND" |
| | ) | WITHOUT PREJUDICE |
| vs. | ) | |
| | ) | |
| STEVEN RAY ROBERTSON, | ) | |
| | ) | |
| | ) | |
| Defendant/ | ) | |
| Petitioner. | ) | |
| | ) | |

By letter dated November 8, 2009, addressed to the United States District Court for the Eastern District of California, and captioned: "RE: formal Freedom of Information of Information [sic] request concerning CUSIP bond," Steven Ray Robertson, proceeding *in pro per*, requested "the above court deliver the BONDS being held by CUSIP in the above name/cause to I can accept them for settlement and closure."

Robertson was convicted by guilty plea in *United States v. Steven Ray Robertson, et al.,* No. CR-F-85-112 REC, of conspiracy

1

to defraud the United States, receiving stolen government property, and mail fraud.  Robertson was sentenced on July 22, 1986, to five years consecutive on each count, and consecutive to the Texas state criminal sentence Robertson was then serving, to a $5,000.00 fine.

By Order filed on November 24, 2009, Robertson's request was denied without prejudice:

> Robertson's request is obscure and cannot be addressed by the Court.  No specific information concerning any bonds that might be held the Committee on Uniform Security Identification Procedures in this criminal action is provided.  Unless and until such specific information is provided by Robertson, the FOIA request is DENIED WITHOUT PREJUDICE.

On January 8, 2009, Robertson addressed a letter to the Court, responding to the November 24, 2009 Order:

> The specific information required for finding this bond is found when using my Social Security Number (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).
>
> Once this CUSIP bond has been found and delivered to me for acceptance I will be able to settle and clouse [sic] it and thus owe no debt/dishonor to your Court.
>
> For all these years I have been in dis-honor due to my ignorance of and/or acceptance of my debt to your Court.  Once I have accepted my bond I will then settle it and have closure with the Court and will re-establish an honorable position the [sic] Court.

In the address section of Robertson's letter, he states his name as "Steven Topaz Robertson."  However, the signature line of the letter states "Steven Ray Robertson."  Attached to Robertson's letter are copies of several pages of what appears to be a

petition for habeas corpus.  The copies attached to Robertson's letter are incomplete and do not include a caption page or a signature page.  However, from the Court's research, the attached copies appear to be from a brief or petition for writ of habeas corpus filed by Steven Topaz Robertson, in *Steven Topaz Robertson v. Gary Johnson*, Case No. H-00-1197, United States District Court for the Southern District of Texas.[1] No information is provided by Robertson in his letter from which it may be determined that Steven Ray Robertson and Steven Topaz Robertson are the same person.  No explanation is given as to the relevance of the copies of Robertson's brief or petition to his request of this Court.

    Robertson's letter does not clarify exactly what he seeks to have this Court do on his behalf.  Robertson gives no description of the bond, i.e., the issuer, when it was issued, and to whom.  The website for the Committee on Uniform Security Identification Procedures (CUSIP) does not allow the Court to find the "specific information required for finding this bond" by entering Robertson's social security number.  *See* www.cusip.com.  As explained in *Wikipedia*:

> The acronym CUSIP typically refers to both the Committee on Uniform Security Identification Procedures and the 9-character alphanumeric security identifiers that they

---

[1] The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet. *See* Fed. R. Evid. Rule 201(b); *United States v. Howard*, 381 F.3d 873, 876, fn.1 (9th Cir. 2004).

>    distribute for all North American securities for the purposes of facilitating clearing and settlement of trades.  The CUSIP distribution system is owned by the American Bankers Association and is operated by Standard & Poor's.  The CUSIP Service Bureau acts as the National Numbering Association (NNA) for North America, and the CUSIP serves as the National Securities Identification Number for products issued from both the United States and Canada.

*See* en.wikipedia.org/wiki/CUSIP.

Further, Robertson cites no authority that this Court has any jurisdiction or authority to grant his request.  Robertson refers to the Freedom of Information Act (FOIA).  FOIA provides "a statutory right of public access to documents and records held by federal government agencies."  *Gould, Inc. V. General Services Admin.,* 688 F.Supp. 689, 693 (D.D.C.1988).  "FOIA vests jurisdiction in federal district courts to enjoin 'an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).  FOIA requires a records request to "reasonably" describe the requested records and to comply with "published rules stating the time, place, fees (if any), and procedures to be followed."  *See* 5 U.S.C. § 552(a)(3)(A).  "[F]ull and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA."  *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F.Supp.2d 111, 112 (D.D.C.2001).  If a records requester fails to exhaust administrative remedies, the lawsuit may be dismissed for lack of subject matter jurisdiction.  *Heyman*

4

*v. Merit Systems Protection Board*, 799 F.2d 1421, 1423 (9th Cir.1986), *cert. denied*, 481 U.S. 1019 (1987); *United States v. Steele (In re Steele),* 799 F.2d 461, 465 (9th Cir.1986). Robertson makes no showing that the bond is a federal agency record within the meaning of FOIA or that he has in any way complied with the administrative requirements of FOIA.  If a bond with a CUSIP number was issued to Robertson and he wishes to redeem that bond to pay the $5,000 fine imposed in this criminal action, Robertson provides no explanation why he cannot himself take appropriate steps to redeem the bond and pay the fine.

For the reasons stated, Petitioner's second "Formal Freedom of Information Request Concerning CUSIP Bond" is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

**Dated:   January 13, 2010**              /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE